■      ETHEL M. STEBBINS, Respondent-Appellant, v. ORANGEBURG MANUFACTURING CO., INC., Appellant-Respondent.— In an action to enjoin a nuisance arising from the pollution of a creek, which flows along plaintiff's property, by the discharge of industrial wastes, and to recover damages, the Official Referee before whom the action was tried rendered a decision awarding plaintiff damages, measured by the diminution in rental value of her property, until the abatement of the nuisance, but refused to grant her an injunction.   Defendant appeals from the judgment entered thereon awarding plaintiff damages, and plaintiff appeals from said judgment insofar as it failed to grant an injunction. Judgment unanimously affirmed, without costs.   The evidence sustains the finding that the industrial wastes discharged by defendant cause the creek at plaintiff's property to be below the standard of purity required by the Water Pollution Control Board of the New York State Department of Health and cause the emission of a chemical odor constituting a nuisance.   Under the circumstances, defendant's use of the waters of the creek is unreasonable.   (*Strobel* v. *Kerr Salt Co.,* 164 N. Y. 303, 321.)   Damages, therefore, were properly awarded. Defendant has in good faith installed a chemical precipitation plant, at a cost of $200,000, to treat its industrial wastes.   There is no claim that this plant is not operated at maximum efficiency or that it does not remove waste solids (other than solids contained in water in its natural state) to the extent of approximately 99%.   Plaintiff did not prove that there is any better method extant to reduce the waste solid matter discharged by defendant into the creek.   There is no claim that defendant intends to stop using the chemical treatment plant.   Under

the circumstances it was proper to deny the injunction. (*Smith* v. *Staso Milling Co.*, 18 F. 2d 736.) If plaintiff at any time submits proof of the foregoing matters, or if defendant at any time does not pay the damages awarded, plaintiff may apply at the foot of the judgment for further relief. Present — Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ.